# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION
### 1:12-cv-123-MR
### [1:09-cr-13-MR-3]

| | | |
|---|---|---|
| **DENNIS LAMAR BRUTON,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **Vs.** | ) | **ORDER** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on Petitioner's Motion under 28, United States Code, Section 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, [Doc. 1]; Petitioner's Motion for Leave to File Affidavit in Support of Motion, [Doc. 2]; Petitioner's Motion to Consolidate Proceedings, [Doc. 3]; Petitioner's Motion to Appoint Counsel, [Doc. 4], and Petitioner's Motion to Amend/Correct Motion to Vacate, [Doc. 7]. For the reasons that follow, the Court finds that the petition must be dismissed as untimely.

## PROCEDURAL HISTORY

On June 29, 2009, Petitioner pled guilty to conspiring to distribute, and possessing with the intent to distribute, 50 or more grams of cocaine

1

base, in violation of 21 U.S.C. §§ 846 and 841(a)(1).  [Criminal Case No. 1:09-cr-13-MR-3, Doc. 261: Acceptance and Entry of Guilty Plea].  Before the guilty plea, Respondent filed an Information pursuant to 21 U.S.C. § 851, contending that Petitioner had two, separate state court felony convictions from October 20, 1997, for Felony Possession of Cocaine (97CRS54964) and Felony Possession with Intent to Manufacture, Sell and Deliver Marijuana (97CRS55414); and a third state felony conviction on or about April 17, 2006, for Felony Possession with Intent to Sell and Deliver Marijuana (04CRS64663).  [Id., Doc. 110: Section 851 Notice].  Petitioner received a 6-8 month sentence on the two, October 20, 1997, state court convictions, and he received 60 days active custody, with a 6-8 month suspended sentence, on the April 17, 2006, state court conviction.  [Id., Doc. 540 at ¶¶ 36; 37; 48, 50: PSR].  Based on his prior felonies, and because Count I charged Petitioner with Conspiracy to Possess with Intent to Distribute Crack Cocaine, and because Petitioner was 18 years of age or older at the time of its commission, Petitioner qualified as a career offender within the meaning of U.S.S.G. § 4B1.1(a).  [Id., Doc. 540 at ¶ 29].

Judgment was entered on July 19, 2010, and Petitioner was sentenced to 262 months' imprisonment.  [Id., Doc. 546: Judgment].  Petitioner appealed on July 24, 2010, but the appeal was subsequently

dismissed on September 20, 2010, for failure to prosecute. [Id., Docs. 552; 559]. The Fourth Circuit Court of Appeals mandate dismissing the appeal was issued on September 20, 2010. [Id.]. Petitioner did not file a petition for certiorari with the U.S. Supreme Court.

Petitioner placed the instant petition in the prison mailing system on May 26, 2012, and it was stamp-filed in this Court on June 4, 2012. [Doc. 1]. In the § 2255 petition, Petitioner contends that he received ineffective assistance of counsel because counsel did not file an appeal on Petitioner's behalf, despite that Petitioner instructed counsel to do so. Petitioner also contends that he is entitled to relief under the Fourth Circuit's en banc decision in United v. Simmons, 649 F.3d 237 (4th Cir. 2011). Petitioner contends that under Simmons his two prior North Carolina felony drug convictions did not qualify him as a career offender under U.S.S.G. § 4B1.1(a) because he was not sentenced to more than one year as to either offense. Petitioner moves the Court for resentencing without consideration of the prior felony convictions. Finally, Petitioner contends that he is entitled to resentencing under the Fair Sentencing Act of 2010.

## STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255

Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. After having considered the record in this matter, the Court finds that no response is necessary from the United States. Further, the Court finds that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## DISCUSSION

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). Among other things, the AEDPA amended 28 U.S.C. § 2255 to include a one-year statute of limitations period for the filing of a motion to vacate. The limitation period runs from the latest of,

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

4

> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4).

As noted, the Fourth Circuit Court of Appeals mandate dismissing Petitioner's appeal was issued on September 20, 2010. Petitioner did not file a petition for certiorari with the U.S. Supreme Court. Petitioner's conviction, therefore, became final on December 19, 2010, when the ninety days in which to file a certiorari petition expired. See Clay v. United States, 537 U.S. 522, 525 (2003) (stating that "[f]or the purpose of starting the clock on § 2255's one-year limitation period . . . a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction"). The one-year limitations period then ran until December 19, 2011. Petitioner placed the instant § 2255 petition in the prison mailing system on May 26, 2012, and it was stamp-filed in this Court on June 4, 2012. Because Petitioner did not file the instant § 2255 petition within a year of December 19, 2010, his petition is untimely.

Petitioner concedes that he did not file his § 2255 petition within one year of the date on which his conviction became final. Petitioner argues,

however, that

> Movant invokes 28 U.S.C. Section 2255(f)(4), "the date on
> which the fact or facts presented could have been exercised
> through due diligence" to establish that his petition is timely.
> Regarding Claim 1, Counsel led Movant into believing that an
> appeal was pending, when in fact no appeal was pending.
> Counsel simply abandoned the appeal without just cause and
> intentionally failed to communicate this fact to Movant.
> Regarding the <u>Simmons</u> Claim, same did not become available
> until August 17, 2011, when the Fourth Circuit En Banc Court
> rendered its decision.   Finally, because Movant must be
> resentenced, and such resentencing must be pursuant to the
> Fair Sentencing Act of 2010.  Accordingly, the instant motion is
> properly before this court in a timely manner.

(Doc. No. 1 at 11).[1]

Petitioner's arguments regarding timeliness and equitable tolling are

without merit.  First, Petitioner contends that the petition is timely under §

2255(f)(4), which provides that a petition may be filed within one year after

"the date on which the facts supporting the claim or claims presented could

have been discovered through the exercise of due diligence."  28 U.S.C. §

2255(f)(4).  Petitioner suggests that the holding in <u>Simmons</u> that the

predicate felony used to support his enhanced sentence is no longer a

---

[1]  The Court finds that based on Petitioner's discussion of timeliness, the rule
articulated in <u>Hill v. Braxton</u>, 277 F.3d 701(4th Cir. 2002), has been satisfied.  In <u>Hill v.
Braxton</u>, the Fourth Circuit found that district courts are required to advise a pro se
petitioner that his habeas motion or petition is subject to dismissal as time-barred under
the AEDPA, and to give petitioner an opportunity to explain his delay before entering a
sua sponte dismissal of the case.  <u>Id.</u> at 706.

qualifying felony constitutes a new "fact," triggering the re-opening of the one-year time period. "Facts" as used in § 2255(f)(4), however, refers to an actual or alleged event or circumstances, not to the date a petitioner recognizes its legal significance. See United States v. Pollard, 416 F.3d 48, 55 (D.C. Cir. 2005). Section 2255(f)(4), therefore, may not be used to re-open the time period for filing an initial § 2255 petition on the basis of new legal authority; rather "subsequent interpretations of the law 'can be the basis of delay in filing a § 2255 motion only in accordance with § 2255(f)(3).'" Sun Bear v. United States, 644 F.3d 700, 702 n.5 (8th Cir. 2011) (en banc) (quoting district court opinion).

Petitioner does not allege that he recently discovered any new facts pertinent to his claim for relief under Simmons. Instead, Petitioner relies entirely on the change in the law that Simmons recognized. Because § 2255(f)(4) does not serve to re-open the time period for filing an initial § 2255 under these circumstances, it does not render Petitioner's motion timely. Accord McLeod v. United States, No. 5:12cv622, 2013 WL 831633 (E.D.N.C. Mar. 6, 2013) (petitioner's motion to vacate seeking Simmons relief was not timely under Section 2255(f)(4)). In sum, Petitioner's motion to vacate is time-barred.

Next, to be entitled to equitable tolling, Petitioner must show (1) that

he has diligently pursued his rights and (2) that some extraordinary circumstance prevented the timely filing.  United States v. Oriakhi, 394 Fed. Appx. 976, 977 (4th Cir. 2010).  Petitioner blames the late filing on his counsel's abandonment of Petitioner's appeal without telling Petitioner. Such conduct by counsel does not warrant equitable tolling, as a petitioner's "unfamiliarity with the legal process or ignorance of the law cannot support equitable tolling."  Oriakhi, 394 Fed. Appx. at 977 (citing Harris v. Hutchinson, 209 F.3d 325, 330-31 (4th Cir. 2000)) (finding no equitable tolling when counsel erroneously advised the petitioner as to the statute of limitations).  While counsel's failure to file an appeal after Petitioner instructed him to do so would be ineffective assistance of counsel per se if raised in a timely filed petition, see Roe v. Flores-Ortega, 528 U.S. 470, 483-86 (2000), it is not grounds for applying equitable tolling to a petition that is not timely.  Furthermore, Petitioner has not shown that he was diligent in filing his § 2255 motion, as he filed it more than six months out of time.

In sum, Petitioner's § 2255 petition must be dismissed as untimely. The Court further observes that even if this Court were to apply equitable tolling Petitioner would still not be entitled to Simmons relief because Petitioner received a sentence that was less than the statutory maximum

8

sentence allowed even without the sentencing enhancement.  See United States v. Powell, 691 F.3d 554, 563 n.2 (4th Cir. 2012) (King, J., dissenting in part and concurring in the judgment in part).  That is, the minimum statutory sentence for Petitioner under Count One was ten years, with a maximum statutory sentence of life imprisonment.  Petitioner's sentence of 262 months is fully within the maximum sentence authorized under Section 841(b)(1)(A) – that is, not less than 10 years and not more than life.  As such, Petitioner's challenge fails under the plain terms of 28 U.S.C. § 2255(a) (providing for attack of sentence that is in excess of that maximum as authorized by law).

In addition to the fact that the § 2555 petition is time-barred and without merit, Petitioner's Simmons claim is subject to dismissal because he waived his right to bring this challenge in his plea agreement.  See [Criminal Case No. 1:09-cr-13-MR, Doc. 251 at ¶ 20: Plea Agreement].  Such a waiver is enforceable as long as the defendant waives this right knowingly and voluntarily.  See United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005) ("A criminal defendant may waive his right to attack his conviction and sentence collaterally, so long as the waiver is knowing and voluntary."); see also United States v. Copeland, 707 F.3d 522, 529-30 (4th Cir. 2013) (dismissing appeal of defendant challenging sentencing

9

enhancement in light of <u>Simmons</u> because defendant waived his right to appeal his sentence in his plea agreement); <u>United States v. Snead</u>, No. 11-5100, 2012 WL 541755 (4th Cir. Nov. 7, 2012) (unpublished) (same).

Here, Petitioner does not allege in his motion that his plea was either unknowing or involuntary, nor could he, as the Rule 11 colloquy establishes that he pled guilty understanding the charge to which he was pleading guilty as well as the consequences of his plea, including his waiver of his right to challenge his sentence in a post-conviction proceeding. His petition does not present either a claim of ineffective assistance of counsel or a claim of prosecutorial misconduct. Accordingly, neither of the exceptions to his waiver applies, and his motion to vacate would be subject to dismissal even if it were not time-barred.

For the reasons stated herein, the petition will be dismissed as untimely.

## CONCLUSION

For the reasons stated herein, the Court will dismiss the § 2255 as untimely.

The Court finds that the Petitioner has not made a substantial showing of a denial of a constitutional right. <u>See generally</u> 28 U.S.C. § 2253(c)(2); <u>see also</u> <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336-38, 123 S.Ct.

1029, 154 L.Ed.2d 931 (2003) (in order to satisfy § 2253(c), a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong") (citing <u>Slack v. McDaniel</u>, 529 U.S. 473, 484-85, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000)). Petitioner has failed to demonstrate both that this Court's dispositive procedural rulings are debatable, and that his Motion to Vacate states a debatable claim of the denial of a constitutional right. <u>Slack v. McDaniel</u>, 529 U.S. 473, 484-85, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). As a result, the Court declines to issue a certificate of appealability. <u>See</u> Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts, 28 U.S.C. § 2255.

## O R D E R

**IT IS, THEREFORE, ORDERED** that Petitioner's § 2255 motion, [Doc. 1], is dismissed with prejudice as untimely.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Leave to File Affidavit in Support of Motion, [Doc. 2], Petitioner's Motion to Consolidate Proceedings, [Doc. 3], Petitioner's Motion to Appoint Counsel, [Doc. 4], and Petitioner's Motion to Amend/Correct Motion to Vacate, [Doc. 7], are all **DENIED** as moot.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules

Governing Section 2255 Cases, the court declines to issue a certificate of appealability.

Signed: June 10.

Martin Reidinger
United States District Judge