# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:12-cv-00123-MR
# [CRIMINAL CASE NO. 1:09-cr-00013-MR-3]

| | |
|---|---|
| DENNIS LAMAR BRUTON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** comes before the Court upon the Petitioner's "Motion Pursuant to Rule 60(b)(6)" [Doc. 24].

## I. PROCEDURAL BACKGROUND

On June 29, 2009, the Petitioner pled guilty to one count of conspiracy to possess with the intent to distribute fifty or more grams of cocaine base, in violation of 21 U.S.C. §§ 846 and 841(a)(1). [Criminal Case No. 1:09-cr-13-MR-3 ("CR"), Doc. 261: Acceptance and Entry of Guilty Plea]. The Petitioner was found to be a career offender within the meaning of U.S.S.G. § 4B1.1(a) and was sentenced on July 9, 2010, to 262 months' imprisonment. [CR Doc. 546: Judgment]. The Petitioner appealed [CR Doc. 552], but that appeal was dismissed on September 20, 2010, for failure to

prosecute [CR Doc. 559]. The Petitioner did not seek a petition for certiorari with the United States Supreme Court.

On May 26, 2012, the Petitioner filed a motion to vacate pursuant to 28 U.S.C. § 2255, asserting a claim of ineffective assistance of counsel as well as claims for relief under the Fourth Circuit's *en banc* decision in United v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc) and the Fair Sentencing Act of 2010. [Doc. 1]. On June 12, 2013, the Court dismissed the Petitioner's motion as untimely. [Doc. 8]. The Petitioner appealed, but the Fourth Circuit dismissed his appeal and denied a certificate of appealability. [Doc. 13].

On October 17, 2017, the Petitioner mailed the present motion to the Court, purportedly seeking relief pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure. [Doc. 24]. In his motion, the Petitioner essentially re-argues his claims under Simmons and the Fair Sentencing Act. Additionally, he alleges that his Sixth Amendment rights were violated when he was found responsible for drug quantities in excess of those admitted to in his guilty plea. [Id.].

II. ANALYSIS

Although styled a motion under Rule 60, the Petitioner's motion directly attacks his conviction and sentence and therefore amounts to a successive application. See United States v. Winestock, 340 F.3d 200, 207 (4th Cir.

2003) ("[A] brand-new, free-standing allegation of constitutional error in the underlying criminal judgment will virtually always implicate the rules governing successive applications. Similarly, new legal arguments or proffers of additional evidence will usually signify that the prisoner is not seeking relief available under Rule 60(b) but is instead continuing his collateral attack on his conviction or sentence."); see also Gonzalez v. Crosby, 545 U.S. 524, 531 (2005) ("Virtually every Court of Appeals to consider the question has held that such a pleading, although labeled a Rule 60(b) motion, is in substance a successive habeas petitioner and should be treated accordingly.").

A petitioner must obtain permission from the appropriate court of appeals before he may file a second motion under § 2255. 28 U.S.C. § 2255(h). Because the Petitioner has provided no evidence that he has secured authorization from the Fourth Circuit to file a successive § 2255 motion, the Court concludes that it is without jurisdiction to consider the merits of the present motion. The Petitioner's Rule 60(b) motion, therefore, will also be dismissed.

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. §

3

2253(c)(2); Miller–El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

**IT IS, THEREFORE, ORDERED** that the Petitioner's "Motion Pursuant to Rule 60(b)(6)" [Doc. 24] is **DISMISSED** as an unauthorized, successive Section 2255 motion.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed: November 3, 2017

Martin Reidinger
United States District Judge

4